IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br>MICHAEL T. CAREY and LEONE R. CAREY,<br>    Debtors.<br>_____<br>MICHAEL T. CAREY and LEONE R. CAREY,<br>    Appellants,<br>    v.<br>UNITED STATES INTERNAL REVENUE SERVICE,<br>    Appellee.<br>_____ | No. 2:10-cv-03146-GEB<br>Bankruptcy Court Case No. 04-29060-B-7<br><br>ORDER AFFIRMING BANKRUPTCY COURT'S DENIAL OF APPELLANTS' MOTION TO VACATE ORDER LIFTING AUTOMATIC STAY |

        Appellants Michael T. Carey and Leone R. Carey ("Appellants") appeal pro se the bankruptcy court's denial of their Federal Rule of Civil Procedure ("Rule") 60(b)(4) motion. Appellants sought in that motion an order vacating a previous order which granted the United States Internal Revenue Service relief from the bankruptcy automatic stay. The bankruptcy court's denial of Appellants' Rule 60(b)(4) motion is reviewed de novo. Retail Clerks Union Joint Pension Trust v. Freedom Food Ctr., Inc., 938 F.2d 136, 137 (9th Cir. 1991).

        Appellants argue the bankruptcy court committed the following errors: 1) It issued a tentative ruling that "failed to address the

1

substance of" Appellants' Rule 60(b)(4) motion; 2) "refused to consider the evidence presented" at a hearing on Appellants' motion; and 3) "refus[ed] . . . to either vacate [the order lifting the automatic stay] or . . . state the foundation that makes [the order] valid[.]" (Appellants Informal Opening Br. 4-5.)

The bankruptcy court's tentative ruling about which Appellants complain adequately explained why the bankruptcy court intended to deny Appellants' Rule 60(b)(4) motion, (Appellee's Excerpt of Record 16), and the bankruptcy court stated during the hearing on Appellants' Rule 60(b)(4) motion: "The tentative [ruling] is the [final] ruling." (Appellants' Excerpt of Record 9:6.) Further, Appellants have not identified what specific evidence the bankruptcy court improperly refused to consider during the hearing and, therefore, have not supported this basis of their appeal.

For the stated reasons, Appellants have not shown that the bankruptcy court erred in denying their Rule 60(b)(4) motion, and the bankruptcy court's ruling is affirmed.

Dated: September 1, 2011

GARLAND E. BURRELL, JR.
United States District Judge

substance of" Appellants' Rule 60(b)(4) motion; 2) "refused to consider the evidence presented" at a hearing on Appellants' motion; and 3) "refus[ed] . . . to either vacate [the order lifting the automatic stay] or . . . state the foundation that makes [the order] valid[.]" (Appellants Informal Opening Br. 4-5.)

The bankruptcy court's tentative ruling about which Appellants complain adequately explained why the bankruptcy court intended to deny Appellants' Rule 60(b)(4) motion, (Appellee's Excerpt of Record 16), and the bankruptcy court stated during the hearing on Appellants' Rule 60(b)(4) motion: "The tentative [ruling] is the [final] ruling." (Appellants' Excerpt of Record 9:6.) Further, Appellants have not identified what specific evidence the bankruptcy court improperly refused to consider during the hearing and, therefore, have not supported this basis of their appeal.

For the stated reasons, Appellants have not shown that the bankruptcy court erred in denying their Rule 60(b)(4) motion, and the bankruptcy court's ruling is affirmed.

Dated: September 1, 2011

GARLAND E. BURRELL, JR.
United States District Judge